Harold Webster DUNCAN v. STATE of Arkansas

CR 79-122                                                     588 S.W. 2d 432

Opinion delivered October 29, 1979
(In Banc)

*John W. Achor,* Public Defender, by: *William H. Patterson, Jr.,* Chief Deputy Public Defender, for appellant.

*Steve Clark,* by: *Joseph H. Purvis,* Dep. Atty. Gen., for appellee.

JOHN I. PURTLE, Justice. Appellant was convicted of four separate counts of aggravated robbery. Since he had three prior felony convictions, he was sentenced to four life sentences to run consecutively.

On appeal it is urged that the trial court erred in refusing to direct a verdict on two counts and that the four consecutive life sentences were an abuse of discretion and amounted to cruel and unusual punishment.

The sentences were individually within the limits set by Ark. Stat. Ann. § 41-1001 (Repl. 1977) and within the trial court's discretion as set out in Ark. Stat. Ann. § 41-903 (Repl. 1977). Also, the sentencing was in accordance with Ark. Stat. Ann. § 51-1005 (Repl. 1977). Therefore, the sentences were not invalid. We have many times held that so long as a sentence is within the statutory limits, it is not ordinarily cruel and unusual. In our opinion the trial court did not commit error as alleged and we must affirm.

Appellant and a companion entered Brannen's Fish Market in Little Rock on March 6, 1978, and pulled a handgun on one of the four persons present. They proceeded to take the money from the cash registers as well as from the individuals. It is true appellant pointed the gun only at the first victim and then became a sort of gentleman robber by standing back with the gun partially concealed under his arm while his confederate proceeded to round up the cash wherever he could find it. The four individuals were herded

into another room where they stayed a few minutes. Upon their return to the original area, it was discovered the two ladies' purses had been pilfered and money and other items were missing, as were the gentlemen robbers. Before having the victims leave the cafeteria area, the intruders had relieved the two men of their billfolds. The facts are hardly in dispute other than all of the victims described appellant in slightly different terms and perhaps did not agree precisely on the scenario as it progressed. He was positively identified by at least three of the victims.

Appellant contends that due to the fact that he was courteous and did not point his pistol at the ladies, there was no aggravated robbery. Ark. Stat. Ann. § 41-2102 (Repl. 1977) states:

> (1) A person commits aggravated robbery if he commits robbery as defined in Section 2103 (§ 41-2103) and he:
>
> (a) is armed with a deadly weapon, or represents by word or conduct that he is so armed; or

Therefore, there is no validity to this contention. Also, see *Rust* v. *State,* 263 Ark. 350, 565 S.W. 2d 19 (1978). Circumstantial evidence is sufficient to support a conviction if it excludes every other reasonable hypothesis. *Henley* v. *State,* 255 Ark. 863, 503 S.W. 2d 478 (1974). We think the evidence here fits that category.

Four life sentences are not cruel and unusual if two death sentences are not, and we have so held. *Clark* v. *State,* 264 Ark. 630, 573 S.W. 2d 622 (1978). Appellant's contentions are all fully answered in *Hinton* v. *State,* 260 Ark. 42, 537 S.W. 2d 800 (1965), where we held against all points argued here.

Affirmed.

Harris, C.J. not participating.